# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Bryan Cary,

          Plaintiffs,      Case No. 19-cv-13416

v.

                                      Judith E. Levy
                                      United States District Judge

Graham Allen and Aaron Dungy,

                                      Mag. Judge David R. Grand

          Defendants.

_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS [2] AND DISMISSING COMPLAINT WITHOUT PREJUDICE [1]

This is a *pro se* prisoner civil rights case. Plaintiff is an inmate at the Macomb Correctional Facility in New Haven, Michigan. He brings this action under 42 U.S.C. § 1983, alleging First and Fourteenth Amendment violations arising from his parole violation proceedings. (ECF No. 1, PageID.2.) He has also filed an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) Because Plaintiff has already filed at least three complaints that were dismissed for failure to state a claim, the Court denies Plaintiff leave to

proceed without prepayment of filing fees and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may not proceed *in forma pauperis* in a civil action or on appeal if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999).

A court may take judicial notice of a plaintiff's prior dismissals to determine whether § 1915(g) applies. *See Taylor v. United States*, 161 F. App'x. 483, 485-86 (6th Cir. 2005). Plaintiff has at least three prior civil rights complaints that have been dismissed for failure to state a claim. *See Cary v. Losacco*, No. 18-cv-11396 (E.D. Mich. July 11, 2018); *Cary v. McCaul*, No. 1:18-cv-00652 (W.D. Mich. Aug. 15, 2018); *Cary v. Eaton*, No. 11-cv-13151 (E.D. Mich. Oct. 17, 2011). Plaintiff has also had at least one suit dismissed and one application to proceed without prepayment of fees denied pursuant to 28 U.S.C. §1915(g). *See Cary v. Parole Board,* No. 19-cv-12634 (E.D. Mich. Nov. 18, 2019) (dismissing case); *Cary v.*

*McCumber-Hemry*, No. 17-cv-12842 (E.D. Mich. July 12, 2018) (denying application to proceed without prepayment of fees).

Plaintiff is therefore subject to the PLRA's three-strike rule and may not proceed without prepaying the filing fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For Plaintiff to qualify for this exception, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed. App'x 796, 797 (6th Cir. 2008) (internal citations omitted). Plaintiff's only allegation of danger to himself or others is his statement that "I'm scared to state the deal I made with [Defendant] Dungy because I don't want my loved ones hurt." (ECF No. 1, PageID.4.) Without more, this allegation of possible harm to others does not rise to the level of immediate personal harm required by statute.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. (ECF No. 2.). The Court **DISMISSES** Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff's Motion for Summary Judgment is **DENIED** as moot. (ECF No. 3.) Because the Court's dismissal is without prejudice,

Plaintiff may refile this action, but he will be required to pay the $350.00 filing fee and $50.00 administrative fee pursuant to 28 U.S.C. § 1914.

IT IS SO ORDERED.

Dated: December 12, 2019　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 12, 2019.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager